NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARRYL J. BRADLEY, | : | |
| Plaintiff, | : | Civil No. 13-4099 (JBS) |
| v. | : | |
| KYRAN CONNOR, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

Darryl J. Bradley, *Pro Se*
204831
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, Darryl J. Bradley, incarcerated at the Atlantic County Justice Facility, Mays Landing, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.[1]

---

[1] On October 8, 2013, this Court issued an Order advising Plaintiff of the $350.00 filing fee. Plaintiff did not respond to the Order. In accordance with the instructions set forth in that Order, this

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed for seeking relief from immune defendants.

## BACKGROUND

Plaintiff seeks to sue a state court judge, Defendant Kyran Connor, alleging that the judge has unconstitutionally delayed his trial. (Complt., ¶¶ 3b, 4).  He also asserts similar claims against an Atlantic County Prosecutor, Defendant Donna Fetzer, and against his Public Defender, Defendant Omar Agular.  Plaintiff states that the defendants have been avoiding his case and "belaboring the proceeds and proper disposition of [his] case."  He asserts his bail is excessive and that his due process rights are being violated. (Complt., ¶ 4).

Plaintiff asks for monetary relief and asserts jurisdiction under 42 U.S.C. § 1983. (Complt., ¶ 5).

---

Court will assess the $350.00 filing fee to Plaintiff. *See* Docket Item 2.

## DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

---

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *SeeWest v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3.     Judicial and Prosecutorial Immunity

Plaintiff seeks to sue Judge Connor, a New Jersey Superior Court Judge, and a prosecutor, Donna Fetzer.

First, as to Judge Connor, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983.  *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11–12. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial

capacity." *Id.*  In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff alleges that the judge imposed an excessive bail and is delaying his case.  Based on these allegations, Judge Connor has not taken action with regard to Plaintiff outside of his judicial capacity, nor did the Judge act without jurisdiction.  As such, the complaint must be dismissed as to this defendant.

Second, with regard to Prosecutor Fetzer, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430-31, including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since *Imbler,* the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)

(citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012).

Plaintiff alleges that the prosecutor has prolonged his trial. As this sort of alleged misconduct consists of acts taken in her role as advocate for the state, the § 1983 damages claim against defendant Fetzer will be dismissed on the ground of absolute immunity.

### 4. Claim against Public Defender

In *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, "does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor); *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 2008 WL 294438 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Therefore, because it appears that Agular was not acting under color of state law in representing Plaintiff, the Complaint must be

dismissed with prejudice as against him.

**5.      Excessive Bail Claim**

To state an excessive bail claim under § 1983, Plaintiff must allege facts showing that his bail was excessive in violation of the Eighth Amendment. *See McKnight v. Taylor*, 2012 WL 5880331 at *7 (D.N.J. Nov. 20, 2012)(citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007)). Here, Plaintiff does not allege any facts to show that his bail was excessive; indeed, he does not even indicate the amount of his bail. Plaintiff also does not allege any facts to show that the defendants proximately caused his bail to be set too high. Therefore, this excessive bail claim must be dismissed for failure to state a claim. *Id.*

### CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2), for seeking relief from immune defendants and for failure to state a claim upon which relief may be granted.  An appropriate Order follows.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated:     **April 10, 2014**

8